UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16-CV-00258 JAR |
| | ) |
| RUTH LEWIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Appellant Gary Williams' Motion to Reopen the Time to File Appeal (Doc. No. 69). Defendants oppose the motion (Doc. No. 70). For the following reasons, the motion will be denied.

**Background**

On July 3, 2018, this Court granted summary judgment in favor of Defendants and dismissed Williams' claims against them with prejudice. Pursuant to Federal Rule of Appellate Procedure 4(a)(1), Williams had 30 days thereafter, until August 2, 2018, to file his notice of appeal; however, his notice was not filed until August 3, 2018, 31 days after the entry of judgment. On August 7, 2018, the Court of Appeals notified Williams that his notice of appeal appeared to be untimely and that a motion for leave to file a late notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5) must be addressed to the district court. No such motion was filed.[1]

---

[1] Pursuant to Rule 4(a)(5)(A), a motion for extension of time to file a notice of appeal must be filed "no later than 30 days after the time prescribed by . . . Rule 4(a) expires." Rule 4(a)(5)(A)(i) FRAP. Because September 2 was a Sunday and September 3 was Labor Day, Williams had until September 4, 2018 to file his motion for an extension.

On September 11, 2018, Williams' appeal was dismissed for lack of jurisdiction. Williams filed a motion for clarification of the Court's September 11, 2018 judgment on September 18, 2018. The Court of Appeals granted Williams' motion and amended the judgment to reflect that Williams' appeal was dismissed for lack of jurisdiction as untimely.

On September 27, 2018, Williams filed a motion for extension of time to file a petition for rehearing. The Court of Appeals granted Williams an extension to October 9, 2018. In his petition for rehearing, Williams stated the one-day delay in filing his notice of appeal was due to excusable neglect or good cause because his counsel had mistakenly assumed thirty days to be the equivalent of one month, making the filing deadline August 3, 2018. Williams further stated his counsel failed to file a timely motion for extension of time because he did not see the August 7, 2018 letter from the Court of Appeals advising him that the notice of appeal appeared to be untimely until after the Court dismissed his appeal. On November 1, 2018, the Court of Appeals denied Williams' petition for rehearing. On November 9, 2018, the Court issued its formal mandate in the case.

## Discussion

The time limits detailed in Federal Rule of Appellate Procedure 4 for filing a notice of appeal in the district court are "mandatory and jurisdictional." Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 462 (8th Cir. 2000) (citations omitted). The district court may extend the thirty-day window for filing a notice of appeal upon motion by a party made within thirty days of the filing deadline and with a showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5). The court considers four factors when determining whether excusable neglect or good cause for an extension exists: "(1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including

whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993). Of these factors, "the excuse given for the late filing must have the greatest import." Lowry, 211 F.3d at 463. Even when the other three factors weigh in favor of the movant, the court nevertheless may deny the motion for an extension of time if the movant does not present a valid reason for his delay. Id. at 463-64.

In his motion to reopen the time to file an appeal, Williams argues that excusable neglect or good cause exists because his counsel mistakenly assumed thirty days to be the equivalent of one month, and thus believed the deadline for filing a notice of appeal was August 3. Williams further argues that his counsel missed the deadline for filing a motion for extension of time because he did not see the August 7 letter from the Court of Appeals advising that the notice of appeal appeared untimely until after the appeal was dismissed. Notably, Williams raised all of these issues in the Court of Appeals. The Court of Appeals denied his petition for rehearing and dismissed his appeal as untimely.

Upon consideration, the Court finds the reasons proffered by Williams do not constitute good cause or excusable neglect. The Supreme Court has recognized that "inadvertence, ignorance of the rules, or mistakes construing the rules" usually do not suffice to show excusable neglect. Pioneer, 507 U.S. at 392 (citations omitted). See also Lowry, 211 F.3d at 464 ("[E]xperienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal."). Moreover, Plaintiff does not contend that his counsel did not receive the August 7 letter from the Court of Appeals. Indeed, the notice of electronic filing indicates the letter was transmitted to all counsel, including Plaintiff's counsel,

- 3 -

via current email addresses. Rather, Plaintiff claims his counsel *did not see it*. This kind of attorney inattention does not constitute excusable neglect.

Further, as Defendants correctly note, Williams' attempt to appeal cannot be saved by a motion for extension of time under Federal Rule of Appellate Procedure 4(a)(5), because such a motion must be filed no later than 30 days past the appeal deadline. Thus, the only way Williams' attempt to appeal can succeed is by satisfying the three conditions of Federal Rule of Appellate Procedure 4(a)(6), which provides:

> **(6) Reopening the Time to File an Appeal.**
>
> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). The Eighth Circuit has ruled that "[t]he court has discretion to reopen the time to file an appeal only if all three conditions [of Federal Rule of Appellate Procedure 4(a)(6) are satisfied." American Boat Co., Inc. v. Unknown Sunken Barge, 418 F.3d 910, 913 (8th Cir. 2005).

Williams concedes that Rule 4(a)(6) is not technically applicable, but argues the same fairness principle should apply – "excusing the failure to timely file a notice of appeal when it is due to lack of knowledge that may have been due to error by the Court or the United States Postal Service." Williams has not, however, provided the Court with any supporting authority for his position. In any event, Williams does not dispute that he received notice of the Court's July 3,

2018 judgment. Because Williams cannot satisfy the first condition of Rule 4(a)(6), this Court lacks authority to reopen the time to file an appeal. See Lyons v. Pryor, No. 07-0029-CV-W-HFS, 2008 WL 11429441, at *2 (W.D. Mo. Oct. 22, 2008).

**Conclusion**

For all these reasons, Williams' motion to reopen the time to file appeal must be denied. Accordingly,

**IT IS HEREBY ORDERED** that Appellant Gary Williams' Motion to Reopen the Time to File Appeal [69] is **DENIED.**

Dated this 28th day of November, 2018,

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE