# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GARY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-00258 JAR |
| ) | |
| RUTH LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Relief from the Court's November 28, 2018 Memorandum and Order. (Doc. No. 72). Defendants oppose the motion. (Doc. No. 76). For the following reasons, the motion will be denied.

**Background**

The background of this case has been set out in detail in previous Orders and will not be repeated here. Briefly, on July 3, 2018, this Court granted summary judgment in favor of Defendants and dismissed Williams' claims against them with prejudice. Williams' notice of appeal was not filed until August 3, 2018, 31 days after the entry of judgment. No motion for leave to file a late notice of appeal was filed, and Williams' appeal was dismissed by the Eighth Circuit Court of Appeals for lack of jurisdiction as untimely. In his petition for rehearing, Williams stated the delay in filing his notice of appeal was due to excusable neglect or good cause because his counsel had mistakenly assumed thirty days to be the equivalent of one month, making the filing deadline August 3, 2018. Williams further stated his counsel failed to file a timely motion for extension of time because he did not see the August 7, 2018 letter from the Court of Appeals advising him that the notice of appeal appeared to be untimely until after the

Court dismissed his appeal. The Court of Appeals denied Williams' petition for rehearing and on November 9, 2018, issued its formal mandate in the case.

Williams then moved this Court to reopen the time to file an appeal (Doc. No. 69), arguing that excusable neglect or good cause existed because his counsel mistakenly assumed thirty days to be the equivalent of one month, and thus believed the deadline for filing a notice of appeal was August 3. Williams further argued that his counsel missed the deadline for filing a motion for extension of time because he did not see the August 7 letter from the Court of Appeals advising him that the notice of appeal appeared untimely until after the appeal was dismissed. This Court denied Williams' motion on November 28, 2018, finding no good cause or excusable neglect. (Doc. No. 71).

On March 6, 2019, Williams filed the instant motion seeking relief from the Court's November 28, 2018 Order on the grounds of mistake, inadvertence, surprise or excusable neglect. In support of his motion, Williams submits an affidavit from his counsel asserting that a systemic problem with his email server diverted the August 7, 2018 letter from the Court of Appeals and this Court's November 28, 2018 Memorandum and Order to his spam folder. (Doc. No. 72-1). Plaintiff contends this circumstance was beyond his counsel's control and constitutes mistake, inadvertence, surprise or excusable neglect.

**Discussion**

Although Rule 60(b)(1) provides relief for "excusable neglect," this does not encompass mistakes resulting from counsel's failure to act with diligence. Long v. James, 667 F. App'x 862, 863 (5th Cir. 2016) (internal quotation omitted). "Insufficient showings for relief [under Rule 60(b)(1)] ... include when the party or attorney did not act diligently to discover the purported

mistake...." Id. (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2858 (3d ed. 2016)).

Under this Court's electronic filing system, whenever a document is filed electronically, the system generates a "Notice of Electronic Filing" to the filing party and to any other party to the action who is a registered user. If the recipient is a registered user, the system's emailing of the "Notice of Electronic Filing" constitutes service pursuant to Fed. R. Civ. P. 5. The notice of electronic filing indicates that the August 7 letter and November 28 Memorandum and Order were transmitted to all counsel, including Plaintiff's counsel, via current email addresses. (Doc. Nos. 64, 71). Even if Plaintiff's counsel did not receive the letter or the Court's Order, it did not relieve him of his continuing duty to monitor developments in the case, including personally reviewing the docket to determine whether an order has been entered. See Yeschick v. Mineta, 675 F.3d 622, 630 (6th Cir. 2012); Fox v. Am. Airlines, Inc., 295 F. Supp. 2d 56, 59–60 (D.D.C. 2003), aff'd, 389 F.3d 1291 (D.C. Cir. 2004) (citing cases).

The Court finds the reasons proffered by Plaintiff do not constitute good cause or excusable neglect and will therefore deny his motion for relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from the Court's November 28, 2018 Memorandum and Order [72] is **DENIED.**

Dated this 28th of March, 2019.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**